IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| DAMEION THURMOND, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 19-cv-995-NJR |
| SALVADOR GODINEZ, KIMBERLY BUTLER, DR. CALDWELL, GAIL WALLS, and N.P. MOLDENHAUSEN, | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Dameion Thurmond, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Stateville Correctional Center, brings this action pursuant to 42 U.S.C. §1983 for deprivations of his constitutional rights which occurred while he was incarcerated at Menard Correctional Center. In the Complaint, Plaintiff alleges Defendants were deliberately indifferent to his need for pain medication and medical permits in violation of the Eighth Amendment. Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

In his Complaint, Plaintiff makes the following allegations: On February 12, 2015, Plaintiff requested a refill of his pain medications for his back and hip as well as a renewal of his low bunk, low gallery permit. On February 17, 2015, he saw N.P. Moldenhausen and he indicated that he would not renew Plaintiff's prescription or permits until a new x-ray was taken of Plaintiff's back and hips. Although the x-ray showed that Plaintiff's condition had deteriorated, Moldenhausen and Dr. Caldwell refused to renew his prescriptions and permits. Plaintiff continued to put in requests for medication and permits, but Moldenhausen and Caldwell continued to deny those requests until 2017. On September 11, 2017, Plaintiff was seen by another doctor and finally received his pain medications.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to designate a single count in this *pro se* action:

> **Count 1:** **Defendants were deliberately indifferent to Plaintiff's back and hip pain in violation of the Eighth Amendment.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, Plaintiff states a claim against N.P. Moldenhausen and Dr. Caldwell for deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment).

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

The Court notes that the majority of Plaintiff's allegations took place in 2015, and the statute of limitations under Section 1983, as determined by state law, is two years. *Brown v. Dart*, 876 F.3d 939, 940 (7th Cir. 2017); 735 ILCS § 5/13-202; *Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016); *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). Plaintiff alleges, however, that Moldenhausen and Caldwell continued to deny him care until September 2017. As Plaintiff's allegations may support a claim of a continuing violation, the Court will allow his claim to proceed at this time. *Turney v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013).

Although Plaintiff identifies Salvador Godinez, Kimberly Butler, and Gail Walls as Defendants, he fails to include any allegations against them in the statement of the case. Because Plaintiff fails to allege that these individuals violated his constitutional rights, the Court **DISMISSES** the claims against them without prejudice.

### **Pending Motions**

As to Plaintiff's motion for counsel (Doc. 3), Plaintiff states that he has written a number of attorneys. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] Further, counsel is not needed at this time because the defendants have not yet been served, and a discovery schedule has not been entered. Thus, Plaintiff's motion for counsel (Doc. 3) is **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

**Disposition**

For the reasons set forth above, Count 1 shall proceed against N.P. Moldenhausen and Dr. Caldwell, but it is **DISMISSED without prejudice** as to Salvador Godinez, Kimberly Butler, and Gail Walls. The Clerk is **DIRECTED** to **TERMINATE** these Defendants from the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

The Clerk of Court shall prepare for Defendants N.P. Moldenhausen and Dr. Caldwell: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to**

**Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Because Plaintiff's claims relate to his medical care, the Clerk is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act ("HIPAA").

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/2/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter an appearance and file Answers to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**