IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAMEION THURMOND,

     Plaintiff,

v.                                                                                  Case No. 3:19-CV-995-NJR

REYNAL CALDWELL, and
MICHAEL MOLDENHAUER,

     Defendants.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Dameion Thurmond, an inmate of the Illinois Department of Corrections, filed this lawsuit in September 2019 pursuant to 42 U.S.C. § 1983 alleging Defendants violated his constitutional rights. (Doc. 1). The Court granted Defendants' motion for summary judgment and entered judgment in their favor on March 28, 2022. (Docs. 43 & 44). Thurmond appealed, and the United States Court of Appeals for the Seventh Circuit affirmed. (Doc. 69-1). The Seventh Circuit also issued a bill of costs for $130.50 in favor of Defendants. (Docs. 69-3 & 71).

Now pending before the Court is Thurmond's motion to waive the imposition of costs due to his inability to pay. (Doc. 72). Thurmond asserts that he is indigent and does not have the funds to pay the assessed costs. After reviewing Thurmond's motion, the Court directed him to file a copy of his trust fund account statement to substantiate his claim of indigency. Thurmond provided the requested documentation which showed his trust fund account balance to be $64.08 as of April 23, 2024. (Doc. 75).

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

The denial of costs may be warranted, however, if the losing party is indigent and has no ability to pay. *Id.*; *see also Mother and Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). To deny a bill of costs on the grounds of indigency, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" *Id.* at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). "The burden is on the losing party to provide the district court with sufficient documentation to support such a finding." *Id.* (internal quotations omitted). Next, the district court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.*

Here, Thurmond was granted *pauper* status when this action commenced, and he has been continuously incarcerated throughout the course of this litigation. (Doc. 5). In addition, Thurmond's trust fund account stated that, as of April 23, 2024, he had $64.08 available to him. (Doc. 75). Accordingly, the Court finds that Thurmond is incapable of paying Defendants' costs at this time. Furthermore, given his expected release date of February 7, 2052,[1] the Court finds that Thurmond is incapable of paying the costs at any

---

[1] *See* IDOC Inmate Locator, https://idoc.illinois.gov/offender/inmatesearch.html (last visited

time in the near future.

The Court also finds that Thurmond brought this action in good faith, even though he was ultimately unsuccessful on the merits of his claims. Thurmond suffers from arthritis in his hip and narrowing spinal disks in his lower back. (Doc. 69-1). He complained of back and hip pain and one of the named Defendants ordered an x-ray and gave him a lower bunk permit to treat it. (Doc. 43). Thurmond considered the treatment he received to be constitutionally deficient and, although he was ultimately unsuccessful on the merits of his claims, there is no indication in the record to suggest that he brought this case in bad faith. *See United States v. Cooper*, 872 F.2d 1, 4 (1st Cir. 1989) (lack of success on merits of motion does not indicate it was brought in bad faith).

For these reasons, the Court finds that Thurmond should be excused from his obligation to pay the assessed costs in this case. Thurmond's objection (Doc. 72) is **SUSTAINED**. The Bill of Costs (Doc. 69-3) is **DENIED**.

IT IS SO ORDERED.

DATED:  June 5, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

June 3, 2024).